PER CURIAM:
The claimant brought this action for damages resulting from a collision with a State Police cruiser on Interstate-64 near Barboursville, Cabell County. The Court finds that the claimant’s negligent failure to maintain control was equal to or greater than any negligence attributable to the respondent and denies the claim as stated more fully below.
The claimant was the owner of a 1986 Ford Ranger pick-up truck. On January 14, 1996, at approximately 4:00 p.m., the claimant entered 1-64 near mile marker 22 near Barboursville, and proceeded eastbound at approximately 65 miles per hour. The weather was dry and clear, but there had been heavy snowfall in preceding days and the median was snow-covered. The respondent State Police had responded to a call regarding a disabled vehicle in the median. Trooper M.T. Baylous’ cruiser was parked on the right-hand berm of 1-64 westbound, and the tow truck was parked on the median side. Trooper William K. Marshall had also responded and his vehicle was parked partially on the traveled portion of the passing lane of 1-64 eastbound. Interstate 64 eastbound in this area is on a slight incline and curves gradually uphill and to the right. The record indicates that both cruisers had their emergency blue lights flashing.
The claimant was driving eastbound in the right-hand lane approximately six car lengths behind a tractor trailer. The evidence adduced at hearing was that in the vicinity of the disabled vehicle, the tractor trailer began to reduce speed. The claimant testified that he proceeded into the left lane in order to pass the truck and immediately struck the cruiser in the right rear area. Both vehicles were destroyed. The claimant seeks $5,283.00 representing the válue of his vehicle.
The evidence established that Trooper Marshall had parked his cruiser eastbound with his left wheels in the median and the right wheels on, or just past, the yellow line delineating the edge of the passing lane. Photographs and testimony establish that part of the cruiser extended into the traveled portion of the lane, anywhere from several inches to three feet. Trooper Marshall testified that he parked his vehicle there for the purpose of slowing and diverting traffic away from the wrecker and the stranded vehicle. The cruiser was parked in this position for approximately 20 minutes prior to the accident. During part of this time period prior to the *100 accident, Trooper Marshall had been directing traffic to the right-hand slow lane and cleared berm area.
The claimant’s position was that Trooper Marshall was negligent for parking on the left side of the highway and that he should have set flares to provide adequate warning. The claimant testified that when he pulled out to pass the tractor trailer he was unable to see the cruiser in time to avoid a collision. However, the claimant conceded that he had been distracted by the accident scene on the westbound side of 1-64 and that his attention was not fully on the road in front of him.
The Court, having carefully reviewed the evidence, is of the opinion that location of Trooper Marshall’s cruiser was a substantial contributing factor in causing this accident. The cruiser was located on a slight hill, with a gradual curve to the right. A motorist traveling in the ' slow lane behind a large truck could very well experience difficulty seeing any vehicles in the passing lane. However, the Court finds that the proximate cause of this accident was the claimant’s failure to exercise due care and control of his vehicle when he attempted to pass the truck.
Therefore, in view of the foregoing and in accordance with the general principles of comparative negligence, the Court finds that the negligence of the claimant is equal to or greater than any fault on the part of the respondent. Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.